## BENJAMIN FLEMING v. T. A. STATON.

A was indebted to B by account in 1866; B transferred the same to C. Afterwards, and within three years before action brought, A verbally promised C to pay the account. This promise was made subsequent to the adoption of C. C. P. In an action brought by C upon the account: *It was held*, that the assignee could only declare upon the promise made to him; and that as no promise had been made in writing within three years before action brought, the action could not be maintained.

(*Finn* v. *Fitts*, 2 Dev. & Bat., 236; *Falls* v. *Sherrill*, Ibid, 371; *McCurry* v. *McKesson*, 4 Jones, 510; *Thompson* v. *Gilreath*, 3 Jones, 493; cited and approved)

CIVIL ACTION, heard upon appeal from a judgment of a Justice of the Peace, before his Honor Judge *Moore*, at Spring Term, 1875, of the Superior Court of PITT county.

The complaint was in the following words and figures:

"T. A. STATTON,

|  | To ROBERT GREEN, | Dr. |
|---|---|---|
| 1866. To Lumber, |  | $25.00 |
| Int. for two years, |  | 3.00 |
|  |  | $28.00" |

The account was endorsed:
"Pay the within account to B. Fleming.

R. GREENE."

Upon the trial it was alleged that it was transferred to the plaintiff for a valuable consideration, and that the plaintiff was the present owner of the cause of action; that within three years next preceeding the commencement of this action, the plaintiff presented the account to the defendant, and that he promised to pay the same.

The facts alleged were admitted and the defendant relied upon the statute of limitations.

Upon the hearing his Honor rendered judgment in favor of the defendant, and thereupon the plaintiff appealed.

*Carter*, for the appellant.

*Walter Clark* and *Mullen & Moore*, contra.

BYNUM, J.　In *Finn v Fitts*, 2 Dev. & Bat. 236, it is de-cided that in an action begun by warrant, there is no other declaration than the statement, how the debt became due. And whether the plaintiff's case was made out by the original promise implied by law from the delivery of the articles, or the subsequent express promise to pay for the articles so delivered, such case was embraced by the statement in the warrant. It is then further held, that had the action been commenced by writ, where a formal declaration is required, a count for goods sold and delivered, would equally have embraced the first and second promise, but that the promise must be *identical* and by the *same man to the same man*, else a recovery can be had only on the count on the new promise. Where the old and new promises have been made to the same individual in the same right, the action on the old promise will lie, and is the well settled form in this State, following the English courts, where this form of declaration is adopted. When the defendant pleads the statute of limitations as a bar to the action, the plaintiff replies the new promise, which when shown, is evidence of the renewal or continuance of the old promise.　So far have the courts gone in sustaining the declaration upon the original promise that in *Falls v Sherrill*, 2 Dev. & Bat. 371, it was held that where an action is begun on a contract barred by the statute, a promise made *after* the action is commenced, is sufficient and will take the case out of the statute, because it is evidence of a *continuing* promise. In *McCurry v McKesson*, 4 Jones 510, the same line of de-

cisions is affirmed, and *it is held*, that where the old promise is barred and the new one relied on to repel the statute, the declaration must be upon the first assumpsit, and the second revives the first, provided it is made between the same parties to do the same thing.

But while the decisions are uniform that it is proper to declare upon the original contract, they are equally uniform that the declaration must be upon the new promise, where the contract is made with one and the new promise to another. In *Thompson* v. *Gilreath*, 3 Jones, 493, *it is held*. that where a note without seal, payable to bearer, is transferred by delivery to several holders successively, and after three years from its maturity, a suit is brought on it, a new promise made to a previous holder, cannot avail a subsequent holder, to repel the statute of limitations. " If the new promise is to deliver a horse or other specified thing, in consideration of the old debt, of course the action must be on the new promise. So if the debt was due to the testator and the new promise is to the executor." So also, in an action by an assignee of an insolvent debtor, for money due him before his insolvency, stating the new promise to have been made to the plaintiff, the action must be on the new promise.

To allow the operation of the statute as a bar to the action, to be defeated at all by a new promise, has been by the courts regretted as an unwise departure from the strict letter of the statute, and the direction of the decisions now is to adhere to the letter of the statute, except where a departure from it is settled by authority. But " there is no higher evidence of the law, than the forms of pleading, settled and adopted by universal usage, through a long course of time." The doctrine that the statute of limitations can be removed by proof of a new promise, has been restricted, first, to actions on promises; second, the new promise, to repel the statute, must be made to the same person and to do the same thing, in order to support an action on the old promise; and third, when the orig-

inal contract is made with one and the promise relied on to repel the statute is made to another, who is the plaintiff in the action, the cause of action is the new promise, and it must be declared on. *Thompson* v. *Gilreath*, 3 Jones, 493, and the authorities there cited and commented on. We have only to apply these principles to our case. The account sued on, was made by the defendant with, and was due to, one Greene, in 1866, who sold and transferred it to the plaintiff. The defendant afterwards, and within three years before this action was begun, promised, without writing, to pay the account to the plaintiff. The assignee can declare only upon the promise made to him, but that promise was made after the adoption of the Code of Civil Procedure, the 51st section of which provides: " No acknowledge or promise shall be received as evidence of a new or continuing contract whereby to take the case out of the operation of this title, unless the same be contained in some writing signed by the party to be charged thereby, but this section shall not alter the effect of any payment of principal or interest."

No promise *in writing* having been made within three years, the limitation prescribed in the statute, the action cannot be maintained.

How it would have been, had the old and new promise been made to the same person in the same right, is an important question, not now presented, and upon which no opinion is given.

There is no error.

PER CURIAM.                          Judgment affirmed.