CATHARINE POOL v. MOSES A. BLEDSOE.

*Statute of Limitations—New Promise.*

The endorsee of a note given in 1862 cannot rely upon a verbal promise to pay the same, made to the agent of such endorsee in 1879, in order to repel the statute of limitations.

(*Fleming* v. *Staton*, 74 N. C., 203, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1881, of WAKE Superior Court, before *Gilmer, J.*

The plaintiff declared upon a promissory note, without seal, made by the defendant on January 1st, 1862, to the firm of Silas Burns & Co., for $470.13, and soon thereafter endorsed to plaintiff. The summons is dated December 18, 1879. The defendant pleaded the statute of limitations, and the plaintiff replied a new promise made in 1879, a short time before this suit was brought. The evidence of the plaintiff to sustain the allegation of new promise was as follows: David Lewis testified that he was the agent of

plaintiff, and attended to her business affairs, and that during the year 1879, before this suit was brought, he presented the said note to the defendant, who looked at it, acknowledged it, and promised him to pay it; that this was a verbal promise, and there was no evidence of a written promise. Thereupon the court held that plaintiff could not recover. Judgment for defendant for costs, appeal by plaintiff.

*Mr. A. M. Lewis,* for plaintiff.
*Mr. Armistead Jones,* for defendant.

RUFFIN, J. We find it impossible to distinguish between this case and that of *Fleming* v. *Staton,* 74 N. C., 203. It is there held, that if to an action on an unsealed note the defendant pleads the statute of limitations, it may be repelled by proof of a promise within the period prescribed by the statute, but in order to do so, the promise must be identical and between the original parties—*by the same man to the same man.* And further, that when the original contract is made with one, and the promise relied on to repel the statute is made with another, who is the plaintiff in the action, *the cause of action is the new promise* and it must be declared on. And that if this new promise be made after the adoption of the Code of Civil Procedure, it must be in writing, or else it can not be " received as evidence of a new or a continuing contract, whereby to take a case out by the operation of the statute."

Applying the principle thus established to the case before us, it is perfectly manifest that the plaintiff can not maintain her action. The unsealed note sued on was given by the defendant to Silas Burns & Co. on the first day of January, 1862, and by them endorsed to the plaintiff, who commenced her action in 1879. The new promise relied on to repel the statute was made in 1879 by the defendant to the *plaintiff* and was not *in writing.* There was no *continuing*

*promise*, such as will enable the plaintiff to sue on the original contract; and no promise in writing, such as is required by the statute to create a new contract. C. C. P., § 51.

No error. Affirmed.